**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**STEELEX S.A.,**

                        **Petitioner,**         **MEMORANDUM AND ORDER**

      **-against-**                              **07-CV-2309 (RLM)**

**DASIL CORP.,**

                        **Respondent.**
-------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      Petitioner Steelex S.A. ("Steelex"), a Swiss corporation, obtained an arbitral award on January 25, 2007 against respondent Dasil Corp. ("Dasil"), a New York corporation, in an arbitration held in Ukraine at the International Commercial Arbitration Court at the Ukrainian Chamber of Commerce and Industry ("ICAC"). The award, amounting to $69,921.73, was subsequently upheld on October 8, 2007 by the Shevchenkivs'kyy District Court of Kyiv ("Kyiv District Court"). Currently pending before this Court is Steelex's motion (1) to confirm the arbitration award, or, alternatively, (2) to compel Dasil to post security as a condition of any stay or adjournment. For the following reasons, Steelex's motion to confirm the award is granted, and the motion for security is denied as moot.

## BACKGROUND

      On October 5, 2004, Steelex contracted for the use of the freight forwarding services of Dasil to ship a quantity of ferromanganese from the port of Odessa. The ferromanganese arrived at Odessa by rail on February 10, 2005, where it was weighed and stored awaiting ocean shipment. When the ferromanganese was re-weighed after being loaded on the ocean freighter one month later, approximately 125 metric tons had disappeared.

The parties disputed who was legally responsible for the shortage, and, pursuant to an arbitration clause in their agreement, submitted their dispute to the ICAC. On January 25, 2007, the ICAC issued a fifteen-page written final award in favor of Steelex. The award directed Dasil to pay Steelex $66,513.30 for the value of the lost ferromanganese and $3,408.43 as compensation for the costs of arbitration. Steelex thereafter filed this action seeking to confirm the award pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of 1958 ("New York Convention"), 21 U.S.T. 2517, implemented by 9 U.S.C. §§ 201-08.[1]

On September 12, 2007, this Court held an initial conference with the parties.[2] At the conference, Dasil requested that the instant proceedings be stayed pending a decision from the Kyiv District Court, where Dasil had filed a petition seeking to set aside the ICAC award. Steelex indicated that it would be willing to stipulate to a stay, but only on the condition that Dasil post suitable security. A briefing schedule on the security issue was then set in the event that the parties were unable to resolve the dispute upon mutually agreeable terms. The Court ordered Steelex to move to compel the posting of security by October 10th, and Dasil to file

---

[1] A party seeking enforcement of a foreign arbitral award must apply for an order confirming the award within three years after the award is made. 9 U.S.C. § 207. The award here was made on January 25, 2007, and Steelex filed its petition to confirm the award on June 7, 2007, less than six months later. Additionally, Steelex's petition, as required by Article IV of the New York Convention, includes a certified copy of the original contract and arbitration clause, as well as a certified copy of the original award, translated by an official translator. Steelex's motion is therefore properly before this Court for adjudication.

[2] The parties have executed a Consent To Proceed Before United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), which was "So Ordered" by the Honorable Sandra L. Townes and filed with the Clerk of Court on September 24, 2007.

2

opposition papers by October 24th.

Steelex timely filed its motion papers. Dasil, however, never responded. Consequently, by Order dated October 25, 2007, this Court directed Dasil, to show cause why Steelex's motion should not be granted as unopposed. Dasil again failed to respond, and on October 30, 2007, Steelex amended its prior motion for security to move also for entry of judgment. In its papers, Steelex noted that on October 8th, the Kyiv District Court had denied Dasil's petition to cancel the ICAC award. Thus, according to Steelex, all necessary grounds now exist for enforcing the award.

On November 9, 2007, this Court issued an Order directing Dasil to show cause why Steelex's amended motion for entry of judgment should not be granted. Once again, Dasil ignored the Court's order. Given the opportunities afforded Dasil, and its apparent lack of interest in participating in these proceedings, there is no compelling reason for further delay.

## **DISCUSSION**

Confirmation of a foreign arbitral award under the New York Convention is a "summary proceeding" that merely converts what is already a final decision into a court judgment. Zeiler v. Deitsch, 500 F.3d 157, 169 (2d Cir. 2007). Accordingly, courts are required to confirm such awards unless the party opposing confirmation establishes the existence of one of the grounds for refusal of recognition specifically enumerated in Article V. See Europcar Italia, S.p.A. v. Maiellano Tours, Inc., 156 F.3d 310, 313 (2d Cir. 1998); Nedagro B.V. v. Zao Konversbank, No. 02-CV-3946 (HB), 2003 WL 151997 at *4 (S.D.N.Y. Jan. 21, 2003). One small caveat exists, however, where a parallel proceeding is ongoing in the originating country and a possibility exists that the award will be set aside. In

3

that event, a court must assess whether a stay pending completion of the foreign proceedings is more appropriate. Europcar Italia, 156 F.3d at 316-18.

Here, Dasil has neither shown nor alleged the applicability of any of Article V's grounds for refusal of recognition. Therefore, confirmation of Steelex's award is mandatory. See Europcar Italia, 156 F.3d at 313. Nevertheless, this Court has independently reviewed the exceptions under Article V, and agrees with Steelex that none is applicable here. Nor has Dasil persuaded this Court that any reason exists to stay this proceeding. Dasil's petition to the Kyiv District Court to set aside the ICAC award has been rejected, and Dasil has not indicated that it has sought further review from the Ukrainian courts.

## CONCLUSION

For the foregoing reasons, the Court orders that judgment be entered in Steelex's favor. The arbitral award is confirmed and Dasil is ordered to pay Steelex $69,921.73 plus post-award, pre-judgment interest, as well as post-judgment interest. The interest rate shall be calculated in accordance with 28 U.S.C. § 1961 starting from January 25, 2007. The Clerk of the Court is directed to enter judgment accordingly and close the case.

**SO ORDERED.**

**Dated: Brooklyn, New York**
**December 10, 2007**

**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**